IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNE MARIE MARCHI,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, As trustee for the FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3384 TRUST; NATIONSTAR MORTGAGE LLC, as Loan Servicer; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>    Defendants. | CIVIL ACTION NO. 2:15-cv-03994-KM-MAH<br><br>**Motion Return Date: September 8, 2015** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ  08002
T: 856.761.3400
F: 856.761.1020

*Attorneys for Defendants*

On the Brief:

Christopher N. Tomlin, Esq.

DMEAST #22611674 v4

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................... 1

II.  LEGAL ARGUMENT ............................................................................................ 2

   A.   The Court should decline to exercise jurisdiction over this lawsuit. ....................... 2

   B.   Even if the Court exercises jurisdiction, it nonetheless should dismiss the Complaint for failure to state a claim. .................................................................. 3

      1.   Marchi has abandoned the vast majority of her claims. .............................. 3

      2.   Marchi has not identified an actual controversy sufficient to support her claim for a declaratory judgment (First Count). ...................... 4

      3.   Marchi has failed to establish a duty on which to ground her claim for negligence (Third Count). ................................................................... 5

      4.   Marchi's Fraud Claim fails as a matter of law. ........................................... 6

      5.   Marchi's Request for Leave to Amend Should be Denied. ........................ 6

      6.   Marchi's status as an unrepresented litigant does not relieve her of her pleading obligations. ........................................................................ 7

III. CONCLUSION ....................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alvin v. Suzuki*,
    227 F.3d 107 (3d Cir. 2000)................................................................................................7

*Cabeza v. Fed. Nat'l Home Loan Mortgage Corp.*,
    No. 15-cv-1589, 2015 U.S. Dist. LEXIS 61874 (D.N.J. May 12, 2015)..............................4, 5

*Cicchiello v. Beard*,
    726 F. Supp. 2d 522 (M.D. Pa. 2010) .................................................................................3

*Coleman v. Deutsche Bank Nat'l Trust Co.*,
    No. 15-cv-1080, 2015 U.S. Dist. LEXIS 61875 (D.N.J. May12, 2015)..................................5

*Duran v. Merline*,
    923 F. Supp. 2d 702 (D.N.J. 2013) ......................................................................................3

*Galicki v. New Jersey*,
    No. 14-169, 2014 U.S. Dist. LEXIS 114720 (D.N.J. Aug. 18, 2014) ....................................7

*Gonzalez v. U.S. Bank Nat'l Ass'n*,
    No. 14-cv-7855, 2015 U.S. Dist. LEXIS 75620 (D.N.J. June 11, 2015)................................4

*Hernandez v. Fed. Nat'l Mortg. Ass'n*,
    No. 14-cv-7950, 2015 U.S. Dist. LEXIS 67476 (D.N.J. May 26, 2015).................................5

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)...............................................................................................3

*In re: Azek Building Prods. Marketing and Sales Prac. Litig.*,
    No. 12-6627, 2015 U.S. Dist. LEXIS 10980 (D.N.J. Jan. 30, 2015).....................................4

*Latraverse v. Kia Motors of Am., Inc.*,
    No. 10-6133, 2011 U.S. Dist. LEXIS 83444 (D.N.J. July 27, 2011)......................................7

*Lum v. Bank of Am.*,
    361 F.3d 217 (3d Cir. 2004).................................................................................................3

*Mazzoccoli v. Merit Mountainside LLC*,
    No. 12-2168, 2012 U.S. Dist. LEXIS 180721 (D.N.J. Dec. 20, 2012)...................................4

*Michel v. Wicke*,
    No. 10-3892, 2011 U.S. Dist. LEXIS 81153 (D.N.J. July 25, 2011)......................................3

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993)...............................................................................................3

*Santone-Galayda v. Wachovia Mortgage, FSB*,
    No. 10-cv-1065, 2010 U.S. Dist. LEXIS 135496 (D.N.J. Dec. 22, 2010) ................................. 5

*Totalogistix, Inc. v. Marjack Co., Inc.*,
    No. 06-5117, 2007 U.S. Dist. LEXIS 68094 (D.N.J. Sept. 14, 2007) ....................................... 3

*White v. Hamilton Twp. Police Dep't*,
    No. 14-4103, 2015 U.S. Dist. LEXIS 95860 (D.N.J. July 23, 2015) ......................................... 7

**COURT RULES**

Local Civil Rule 7.1(f) .................................................................................................................... 7

I.	**INTRODUCTION**

Marchi[1] has presented little defense of her defective pleading against Defendants. She offers only a legally erroneous analysis of the *Colorado River* abstention doctrine, and she does not dispute at all the applicability of the Anti-Injunction Act as a bar to this Court's exercise of subject matter jurisdiction. The Complaint should be dismissed for these reasons alone.

Marchi's arguments as to her individual claims fare no better. She contends that her Complaint "clearly states several plausible causes of action." *See* Pl. Br. at p. 2. Yet she fails altogether to address several of her claims, or Defendants' arguments challenging the viability of those claims. Such claims should be deemed abandoned and summarily dismissed.

Even in those instances where Marchi purports to defend her claims, she fails to meaningfully address the numerous deficiencies in those claims. Contrary to her contention, she has not articulated an immediate and substantial controversy warranting the issuance of a declaratory judgment. Moreover, Marchi fails to identify any legal or factual basis for her contention that any of the Defendants owe her a legal duty, or that any of the Defendants made any misrepresentations, or concealed any information which they had a duty to disclose. To be sure, the applicable case law confirms that no such duty exists under the circumstances of this case. As such, her negligence and fraud claims fail as a matter of law.

At bottom, Marchi's Complaint does not state a viable claim for relief against any of the named Defendants. Accordingly, and as further explained below, it should be dismissed with prejudice.

---

[1]	Unless otherwise noted, all capitalized and abbreviated terms used herein have the same meaning as in Defendants' opening memorandum of law.

## II. LEGAL ARGUMENT

### A. The Court should decline to exercise jurisdiction over this lawsuit.

In their opening memorandum of law, Defendants demonstrated that the *Colorado River* abstention doctrine and the Anti-Injunction Act each bar Marchi's Complaint insofar as it is entirely premised on her allegation that Nationstar lacks standing to proceed in the Foreclosure Action. *See* Def. Mem. of Law at pp. 6-10. These arguments apply to each of Marchi's claims. In her response, Marchi argues that the *Colorado River* abstention doctrine is not applicable because she did not file a response to the Foreclosure Complaint. *See* Pl. Br. at p. 5. Marchi offers no support for this allegation, nor does any exist, as her failure to file an answer in the state court action has no relevance under the doctrine. As noted in Defendants' moving papers, courts weigh six factors to determine whether abstention is appropriate. *See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 308 (3d Cir. 2009). Whether or not the plaintiff has filed an answer in the state court action is not one of these factors. *See Id.* Moreover, Marchi affirms that abstention is appropriate, as she avers she filed this action to address certain "state court transgressions". *See* Pl. Br. at p. 6. Thus, Marchi acknowledges that her Complaint has been filed for the sole purpose of interfering with the ongoing state Foreclosure Action. As such, abstention is appropriate. See *Ruffolo v. HSBC Bank USA, N.A.*, No. 14-cv-638, 2014 U.S. Dist. LEXIS 141514 (D.N.J. Oct. 3, 2014),

> **B.      Even if the Court exercises jurisdiction, it nonetheless should dismiss the Complaint for failure to state a claim.[2]**
>
> **1.      Marchi has abandoned the vast majority of her claims.**

As a preliminary matter, Marchi has abandoned most of her claims by failing to defend them against Defendants' motion to dismiss. In some instances, she makes passing references to certain causes of action, such as her claim to quiet title (Second Count), but fails to address the claims' deficiencies identified by Defendants. *See, e.g.*, Pl. Br. at p. 2. In other instances, Marchi simply ignores the relevant claims and issues altogether, as with her claims for breach of the covenant of good faith and fair dealing (Fourth Count) and for breach of contract (Sixth Count). Either way, these claims have been abandoned and should be summarily dismissed. *See, e.g.*, *Duran v. Merline*, 923 F. Supp. 2d 702, 723 (D.N.J. 2013) ("Plaintiff has apparently abandoned [his] claim . . . since his opposition papers do not proffer any facts or evidence to support it."); *Michel v. Wicke*, No. 10-3892, 2011 U.S. Dist. LEXIS 81153, at *6 (D.N.J. July 25, 2011) ("Plaintiff fails to address this issue in his opposition to the Motion to Dismiss. As such, this argument is deemed abandoned by the Court."); *Cicchiello v. Beard*, 726 F. Supp. 2d 522, 531 (M.D. Pa. 2010) ("Plaintiff's failure to address this claim in her brief in opposition constitutes an abandonment of the claim."); *Totalogistix, Inc. v. Marjack Co., Inc.*, No. 06-5117, 2007 U.S. Dist. LEXIS 68094, at *7 (D.N.J. Sept. 14, 2007) (finding that plaintiff abandoned his claim by not offering a defense in its opposition papers to the defendant's arguments).

---

[2]   Citing Federal Rules of Evidence 1002 and 1003, Marchi objects to the admissibility of loan documents and court filings submitted with Defendants' motion papers. *See* Pl. Br. at p. 7. This argument goes nowhere. The Third Circuit long has held that courts reviewing motions to dismiss may consider matters of public record and documents that form the basis for the plaintiff's claims. *See Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Critically, Marchi does not dispute the authenticity of these documents.

### 2. Marchi has not identified an actual controversy sufficient to support her claim for a declaratory judgment (First Count).

In support of her claim for declaratory judgment, Marchi asserts in a conclusory fashion that an "actual controversy exists without doubt." *See* Pl. Br. at p. 6. In support of this assertion, Marchi points to the fact that she filed a lawsuit. *See id.* This argument fails for two separate reasons.

First, "[t]he Declaratory Judgment Act is a procedural vehicle that creates a form of relief; it does not create a cause of action courts may be compelled to enforce." *In re: Azek Building Prods. Marketing and Sales Prac. Litig.*, No. 12-6627, 2015 U.S. Dist. LEXIS 10980, at *36 (D.N.J. Jan. 30, 2015). "An independent count for declaratory judgment adds nothing to this case" because the Declaratory Judgment Act "does not provide a substantive basis for relief." *Id.* Accordingly, because Marchi's substantive claims all are subject to dismissal, her separate declaratory judgment claim also should be dismissed. *See Gonzalez v. U.S. Bank Nat'l Ass'n*, No. 14-cv-7855, 2015 U.S. Dist. LEXIS 75620, *8 (D.N.J. June 11, 2015) (holding declaratory relief was "inappropriate" because "none of Plaintiff's substantive counts state a claim upon which relief may be granted"); *Mazzoccoli v. Merit Mountainside LLC*, No. 12-2168, 2012 U.S. Dist. LEXIS 180721, at *25 (D.N.J. Dec. 20, 2012) (dismissing case where the only remaining cause of action was under the Declaratory Judgment Act).

Second, and contrary to Marchi's contention, she has not identified a substantial controversy between the parties sufficient to resort to the Declaratory Judgment Act. In *Cabeza v. Fed. Nat'l Home Loan Mortgage Corp.*, No. 15-cv-1589, 2015 U.S. Dist. LEXIS 61874 (D.N.J. May 12, 2015), the plaintiffs, similar to Marchi here, alleged that none of the defendants had standing to foreclose their mortgage. Among other things, the plaintiffs sought a declaratory judgment that the defendants had no enforceable interest in the underlying note and mortgage.

The court dismissed this claim, reasoning that the complaint, "on its face, does not present questions of conflicting legal interests, but instead is an attempt by pro se plaintiffs to seek legal advice from the Court." *Id.* at *6; *accord Coleman v. Deutsche Bank Nat'l Trust Co.*, No. 15-cv-1080, 2015 U.S. Dist. LEXIS 61875, at *5 (D.N.J. May12, 2015).

Such is the case here. Marchi bases her declaratory judgment claim on the allegation that Nationstar lacks standing to foreclosue due to alleged improprieties with respect to the Assignment and securitization of the Loan. *See* Complaint at ¶¶ 83-122. These types of allegations fail as a matter of law, *see* Def. Mem. of Law at pp. 11-19, and simply do not create conflicting legal interests entitling Marchi to declaratory relief.

### 3. Marchi has failed to establish a duty on which to ground her claim for negligence (Third Count).

Marchi also argues, in a conclusory fashion, that "there is a fiduciary duty between the parties." *See* Pl. Br. at p. 10.[3] However, Marchi fails to address Defendants' argument that the economic loss rule bars her tort-based claim for negligence. *See* Def Mem. of Law at p. 22. She likewise has failed to address the litany of cases establishing that "a bank does not owe a legal duty to a borrower." *Santone-Galayda v. Wachovia Mortgage, FSB*, No. 10-cv-1065, 2010 U.S. Dist. LEXIS 135496, *36-*37 (D.N.J. Dec. 22, 2010); *see also* Def. Mem. of Law at p. 23 (citing additional cases). Since Marchi cannot establish a duty, she cannot maintain claims for negligence against Defendants. See *Hernandez v. Fed. Nat'l Mortg. Ass'n*, No. 14-cv-7950, 2015 U.S. Dist. LEXIS 67476, at *8 (D.N.J. May 26, 2015) ("A claim for negligence or breach of fiduciary duty can succeed only where the defendant owes the plaintiff a legal duty.").

---

[3] Defendants note that while Marchi argues that Defendants owe her a "fiduciary duty", the Complaint does not assert any cause of action for breach of fiduciary duty.

### 4. Marchi's Fraud Claim fails as a matter of law.

Marchi's brief likewise fails to offer any factual or legal support for her claim for "fraud in the concealment", and rather, merely recites the elements of a cause of action for fraud, and avers that Marchi should be granted leave to amend. *See* Pl. Br. at pp. 9-10. Thus, as stated in Defendants' moving papers, Marchi has clearly failed to establish any of the elements of fraud, let alone met the heightened pleading standards of Rule 9(b), and as such, her fraud claim should be dismissed. *See Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 493 (D.N.J. 1998) (dismissing fraud claim for failure to plead any facts in support of elements of claim).

Moreover, Marchi fails to address Defendants' argument that her claim for fraud in the concealment fails as a matter of law. As noted in Defendants' moving papers, a claim for fraudulent omission can only be raised if a defendant has a "duty to disclose." *Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F. Supp. 2d 537, 546 (D.N.J. 2013). Marchi has not identified any duty to disclose, and as noted above, Defendants do not owe her any duty as a matter of law. As such, her claim for fraud in the concealment should be dismissed. *See Id.*; *Cabeza v. Fed. Home Loan Mortgage Corp.*, No. CIV.A. 15-1589 JLL, 2015 WL 2226024, at *8 (D.N.J. May 12, 2015) reconsideration denied, No. CIV.A. 15-1589 JAD, 2015 WL 4388339 (D.N.J. July 14, 2015) (dismissing mortgagors' fraud claim based on alleged failure to disclose securitization, noting that mortgagors failed to identify a duty that requires lender to disclose anything regarding securitization of the loan, that mortgagors cannot establish any damages as a result of any alleged securitization, and that the Note and the Mortgage both specifically contemplate a transfer, which may include a transfer to a trust for securitization).

### 5. Marchi's Request for Leave to Amend Should be Denied.

Marchi's brief also includes statements suggesting she intends to amend the fraud and negligence claims set forth in the Complaint. To the extent the Court construes this as a request

for leave to file an amended complaint, such a request should be denied because Marchi has not included a copy of her proposed amended pleading with her papers, in contravention of Local Civil Rule 7.1(f). *See Galicki v. New Jersey*, No. 14-169, 2014 U.S. Dist. LEXIS 114720, at *16 n.6 (D.N.J. Aug. 18, 2014) (failure to include proposed amended pleading "is, in itself, sufficient grounds to deny their motion"); *Latraverse v. Kia Motors of Am., Inc.*, No. 10-6133, 2011 U.S. Dist. LEXIS 83444, at *22-*23 (D.N.J. July 27, 2011) ("Failure to attach a copy of the proposed amended complaint is fatal to the request for leave to amend.").

Moreover, any such amendment would be futile. As noted above, Marchi's negligence and fraud claims both fail as a matter of law because Defendants owe no duty to her. As such, the Court should reject as futile any request by Marchi for leave to amend her claims. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted.").

### 6. Marchi's status as an unrepresented litigant does not relieve her of her pleading obligations.

Marchi also seems to argue that the Court should deny Defendants' motion based on her status as a pro se party. *See* Pl. Br. at p. 11. This argument fails because "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *White v. Hamilton Twp. Police Dep't*, No. 14-4103, 2015 U.S. Dist. LEXIS 95860, at *4 (D.N.J. July 23, 2015) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). In this case, Marchi has failed to allege sufficient *facts* which, taken as true, would support any of the claims asserted in the Complaint. Consequently, the Complaint should be dismissed.

\* \* \*

### III.     CONCLUSION

Marchi has failed to raise any legitimate defense of her pleading.  The Complaint simply does not state a cognizable cause of action against any of the Defendants.  For these reasons, as well as those stated in Defendants' opening memorandum of law, Defendants respectfully requests that the Court dismiss the Complaint in its entirety and with prejudice.

Respectfully submitted,

DATED:  September 1, 2015         /s/ Christopher N. Tomlin
Christopher N. Tomlin, Esquire
tomlinc@ballardspahr.com
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ  08002
T: 856.761.3400
F: 856.761.1020

*Attorneys for Defendants,*
*Federal Home Loan Mortgage Corporation,*
*As Trustee for the Freddie Mac Multiclass*
*Certificates, Series 3384 Trust, Nationstar*
*Mortgage LLC, and Mortgage Electronic*
*Registration Systems, Inc.*